IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES JAMES DERECSKEY, also known as JAMES CEDAR DEERE[1], <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, CHICAGO POLICE OFFICERS OMAR GONZALEZ, BRIAN YAVERSKI, Star #20483, JOHN DOES <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br> Jury Demand |

## **COMPLAINT**

1. In the summer of 2020, Plaintiff Charles James Derecskey, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2. The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that were clearly intended to injure, silence, and intimidate Plaintiff and other protesters.

3. As explained in more detail below, Plaintiff was assaulted by CPD Officers while he posed no threat to anyone, interfering with Plaintiff's constitutional rights.

---

[1] Plaintiff has filed a petition to have his name legally changed. Upon completion of that process, his legal name will be "James Cedar Deere."

1

4. CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of his constitutional rights as well as physical, emotional, and mental injuries.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7. Plaintiff Charles James Derecskey is a white resident of Chicago, Illinois who uses he/him pronouns and who was 22 years old at the time of the incident that led to this complaint. He is in the process of having his name legally changed to "James Cedar Deere," which should be finalized in the near future.

8. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9. Defendant Officers Gonzalez, Yaverski, and John Does are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. They are

sued in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

## FACTUAL ALLEGATIONS

10. On May 25, 2020, Minneapolis police officers murdered George Floyd in broad daylight when they suffocated him to death while he was handcuffed in a prone position on the ground on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11. On July 17, 2020, at approximately 5:00 p.m., Plaintiff arrived at Buckingham Fountain in Grant Park, Chicago to participate in the Black, Indigenous Solidarity Rally (Decolonize Zhigaagoong).

12. After listening to speakers, Plaintiff began marching while walking his bicycle, with and alongside other protesters. The crowd proceeded south down Columbus Drive and moved into Grant Park towards the statue of Christopher Columbus, which was guarded by Chicago police officers.

13. Plaintiff witnessed Chicago police officers move toward the protesters from the Grant Park entrance.

14. Without warning or justification, Plaintiff witnessed these officers begin to spray chemical agents into the crowd indiscriminately. As the officers moved toward Plaintiff, he turned his body so the spray would not go directly in his eyes. Nevertheless, Plaintiff began coughing and was unable to open his eyes as a result of the chemical agent.

15. Plaintiff was assisted by another protester, who handed him a bottle of water to pour in his eyes.

16. Plaintiff was then approached by a group of Chicago police officers. Chicago police officers, including Defendant Officers Yaverski and Gonzalez pulled Plaintiff's bicycle away from him and shoved him to the ground. These officers then deployed a chemical agent directly at or near Plaintiff, causing him significant pain to his eyes and temporary loss of vision.

17. While Plaintiff remained on the ground, lying on his stomach with his back exposed and not posing a threat to anyone, multiple unidentified Chicago police officers held Plaintiff down and beat his legs multiple times with batons, causing significant pain.

18. While these unidentified Chicago police officers were striking Plaintiff on the ground, other unidentified Chicago police officers had the ability and opportunity to intervene to stop the other officers from beating Plaintiff and failed to do so.

19. After beating Plaintiff, one or more of the unidentified Chicago police officers then bound Plaintiff's wrists using zip-ties. The zip-ties caused abrasions to Plaintiff's wrists. Officers later had difficulty removing the zip-ties on Plaintiff's wrists because they had been bound so tight.

20. While Plaintiff was on the ground, one of the Chicago police officers then grabbed Plaintiff between his legs, groping Plaintiff's genitalia area.

21. One or more of the Chicago police officers yanked Plaintiff up by the left arm, causing pain and bruising to his bicep. The officers then forcibly moved Plaintiff over to the police vehicle.

22. As Plaintiff was being forcibly moved by Chicago police officers, he yelled out his name and birthdate to another protester so that others would be able to find and identify him

when he was taken to jail.

23. At the police vehicle, an unidentified Chicago police officer shoved Plaintiff against the vehicle and again grabbed Plaintiff between his legs and groped his genitalia. Plaintiff was then placed in the police vehicle.

24. As Plaintiff waited in the police vehicle to be transported to the precinct, he was unable to open his eyes, which continued to burn from the chemical agent. Plaintiff repeatedly requested water from the officers to treat his eyes. An unidentified Chicago police officer eventually acquiesced, pouring water on Plaintiff's face. The water went into Plaintiff's mask, causing him difficulty breathing. Plaintiff had to request that the officer remove and replace Plaintiff's mask so that he could breathe.

25. When Plaintiff arrived at the Chicago police station, he was experiencing significant pain in his left ankle. Plaintiff repeatedly requested medical attention from the officers at the police station. After asking for medical attention multiple times, an officer called an EMT to look at Plaintiff's ankle, who asked if he wanted to go to the hospital.

26. Plaintiff was brought to Mercy Hospital, where he received treatment. Plaintiff was then brought back to the police station.

27. At around 2:00 a.m. on July 18, 2020, Plaintiff was released from the police station and falsely charged with a misdemeanor count of assault. Defendant Officer Omar Gonzalez, Star #6832 was listed as the alleged "victim."

28. On December 15, 2020, the Cook County State's Attorney's Office moved for entry of *nolle prosequi* in regard to the charge against Plaintiff. The charge against Plaintiff was dismissed and the criminal case was terminated in his favor.

29. Plaintiff did not physically attack, assault, threaten, or resist the Defendant

Officers or any other Chicago police officer at any time or in any way.

30. Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

31. In the weeks and months following this incident, Plaintiff had difficulty walking because of the injuries he suffered to his ankle and other parts of his body.

32. Plaintiff was able to retrieve his bicycle after the incident. However, the bicycle, which was Plaintiff's primary mode of transportation, was so badly damaged that he needed to replace it.

33. As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries to both of his legs, a welt on his knee, a sprain in his left ankle, and injuries to his eyes, wrists, and arms, as well as pain and suffering, damage to his bicycle, and out-of-pocket expenses from his visit to the hospital, and extreme mental and emotional distress, including increased anxiety, fear, anguish, trouble sleeping, and difficulty concentrating.

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

34. Each paragraph of this Complaint is incorporated as if restated fully herein.

35. The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

37. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force

38. Each paragraph of this Complaint is incorporated as if restated fully herein.

39. As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets and parks of the City of Chicago.

40. The actions of the Defendant Officers described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising his rights and suffered retaliation for having exercised his rights.

41. The Defendant Officers retaliated against Plaintiff for engaging in protected speech by subjecting him to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for the Defendant Officers' use of force against him. The Defendant Officers' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

42. At all relevant times, the Defendant Officers were aware that Plaintiff was engaged in constitutionally-protected speech when they violated his rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

43. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT III – 42 U.S.C. § 1983
### Failure to Intervene

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

45. During the events described above, the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

47. As a direct and proximate result of the Defendant Officers' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, as set forth more fully above.

### COUNT IV – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – False Arrest

48. Each paragraph of this Complaint is incorporated as if restated fully herein.

49. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

50. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

51. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT V– 42 U.S.C. § 1983
### Violations of the Fourth and Fourteenth Amendments – Illegal Search of Plaintiff's Body and Seizure of Property

52. Each paragraph of this Complaint is incorporated as if restated fully herein.

53. The actions by the Defendant Officers in knowingly searching and touching Plaintiff's body, including his genitalia, and seizing Plaintiff's property during the events described in the Complaint, without a warrant, probable cause, or legal justification, violated Plaintiff's right to be free from unreasonable search and seizure of Plaintiff's person and property guaranteed by the Fourth and Fourteenth Amendments.

54. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

55. As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered damages, including the loss of and damage to his property, as set forth more fully above.

### COUNT VI – 42 U.S.C. § 1983
### Conspiracy to Deprive Plaintiffs of His Constitutional Rights

56. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

57. Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

58. Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on Plaintiff, illegally search Plaintiff's body, illegally seize Plaintiff's property, detain and arrest Plaintiff, knowing they lacked reasonable suspicions and/or probable cause to do so, and for the purpose of violating Plaintiff's First, Fourth, and Fourteenth Amendment rights.

59. In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff's rights. They accomplished this goal by using excessive force on Plaintiff, illegally searching Plaintiff, illegally seizing Plaintiff's property, and unlawfully arresting Plaintiff.

60. Each individual Defendant Officer is therefore liable for the violation of Plaintiff's rights by any other individual Defendant Officer.

61. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, loss of property and legal expenses, as set forth more fully above.

### COUNT VII – Illinois State Law Claim
### Violations of the Illinois Constitution

62. Each paragraph of this Complaint is incorporated as if restated fully herein.

63. The actions taken by the Defendant Officers denied Plaintiff his state constitutional rights to free expression and assembly in a peaceable manner; as provided by the Illinois Constitution, Article I, sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of Plaintiff's injuries as set forth above.

64. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Illinois State Constitutional Rights.

## COUNT VIII – Illinois State Law Claim
## Intentional Infliction of Emotional Distress

65. Each paragraph of this Complaint is incorporated as if restated fully herein.

66. The conduct and actions of the Defendant Officers set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power and authority, and were done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

67. As a direct and proximate cause of the extreme and outrageous conduct of the Defendant Officers, Plaintiffs were injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

## COUNT IX – State Law Claim
## False Arrest

68. Each paragraph of this Complaint is incorporated as if restated fully herein.

69. As described in detail above, the Defendant Officers falsely detained, arrested, and imprisoned Plaintiff without reasonable suspicion or probable cause and without having reasonable grounds to believe that an offense was committed by Plaintiff.

70. The misconduct in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the Plaintiff's rights.

## COUNT X – State Law Claim
## Malicious Prosecution

71. Each paragraph of this Complaint is incorporated as if restated fully herein.

72. Defendants and unidentified Chicago police officers, individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

73. The prosecution of Plaintiff terminated in his favor and in a manner that is indicative of innocence.

74. The Defendant Officers' actions were committed in a willful and wanton manner.

75. The Defendants' actions directly and proximately caused injury and damage as set forth above.

### COUNT XI – State Law Claim
### Battery

76. Each paragraph of this Complaint is incorporated as if restated fully herein. The actions of Defendant Officers were intentional acts which caused an unpermitted contact of a harmful and offensive nature, to which Plaintiff did not consent, constituting battery under Illinois law.

77. Plaintiff was injured as a result of Defendant Officers' actions.

78. These actions of Defendant Officers were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

79. The actions of Defendant Officers were committed in a willful and wanton manner.

### COUNT XII – State Law Claim
### Assault

80. Each paragraph of this Complaint is incorporated as if restated fully herein.

81. The actions of Defendant Officers were intentional acts which threatened to cause unpermitted contact of a harmful and offensive nature, and placed them in reasonable apprehension of such contact, to which Plaintiff did not consent, constituting assault under Illinois law.

82. The actions of Defendant Officers were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

83. The actions of Defendant Officers were committed in a willful and wanton manner.

## COUNT XIII
## Illinois State Law Claim Conspiracy

84. Each paragraph of this Complaint is incorporated as if restated fully herein.

85. The Defendant Officers together reached an understanding, engaged in and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to violate Plaintiffs' rights guaranteed by the Illinois constitution and to be free from false arrest, malicious prosecution, and the intentional infliction of severe emotional distress on Plaintiff.

86. In furtherance of this conspiracy or conspiracies, the Defendant Officers, together with their unsued co-conspirators, committed the overt acts set forth above.

87. The Defendant Officers acted with malice, willfulness, and reckless indifference to Plaintiff's rights.

88. Each individual Defendant is therefore liable for the violation of Plaintiff's rights by any other individual Defendant.

89. The conspiracy or conspiracies were and are continuing in nature.

90. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including mental distress, anguish, humiliation, violations of their rights, and legal expenses, as set forth more fully above.

13

## COUNT XIV – State Law Claim
### *Respondeat Superior*

91. Each paragraph of this Complaint is incorporated as if restated fully herein. Count XIV is alleged against Defendant City of Chicago.

92. In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

93. Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

## COUNT XV – State Law Claim
### Indemnification

94. Each paragraph of this Complaint is incorporated as if restated fully herein. Count XV is alleged against Defendant City of Chicago.

95. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

96. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demand trial by jury.

Dated: July 8, 2021

    Respectfully submitted,

    /s/ Brad J. Thomson
    Brad J. Thomson

    Joey L. Mogul, Janine Hoft, Ben Elson
    Jan Susler,
    People's Law Office
    1180 N. Milwaukee Ave.
    Chicago, IL 60642
    773-235-0070
    joeymogul@peopleslawoffice.com
    janinehoft@peopleslawoffice.com
    ben@peopleslawoffice.com
    brad@peopleslawoffice.com
    jsusler@peopleslawoffice.com

/s/ Vanessa del Valle
Vanessa del Valle

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu

/s/ Sheila A. Bedi
Sheila A. Bedi

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu